## LEE v. HIS CREDITORS.

In homologating a tableau of distribution presented by a syndic of the creditors of an insolvent, the decision of the court upon each claim is a separate judgment belonging to the party in whose favor it is rendered, and binding upon all who do not appeal from it; and where one creditor alone appeals from the judgment of homologation the other creditors must be viewed as strangers to the proceeding, and unaffected by any judgment rendered on the appeal.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge.* J. *Mott,* for the plaintiffs in the rule. *T. R. Wolfe,* for other creditors. *T. A. Clarke,* for the syndic, appellant.

The judgment of the court was pronounced by

ROST, J. In the tableau filed by the syndic of the insolvent in this case, two privileged claims were disallowed: That of *George Handy,* claiming the vendor's privilege on a steamboat; and that of the present plaintiffs in the rule, claimed on the proceeds of the boat, under the laws of Kentucky. On the oppositions filed there was a judgment in the first instance in favor of the Kentucky claims, and against *Handy,* who alone appealed. Neither the syndic, nor any of the other creditors joined in the appeal nor opposed these claims in the appellate court. The case was contested between these two parties alone. The judgment so far as appealed from was reversed, the privilege claimed by *Handy* was allowed; and the court held that the plaintiffs in the rule were not entitled to the privilege claimed by them. The funds in the hands of the syndic are more than sufficient to satisfy the judgment in favor of *Handy,* and the present rule was taken by the plaintiffs therein upon the syndic, to show cause why the balance remaining should not be paid over to them, on the ground that the judgment of the district court so ordered it, and that said judgment has not been appealed from, except by *Handy,* who will become disinterested by the payment to be made to him. The district court ordered this balance to be distributed between the plaintiffs and *Handy* on account of his ordinary claims, in proportion to the amount due to each. The syndic has appealed; and some of the ordinary creditors to whom no dividend is allowed have joined in the appeal, and insist that the decree of this court on the appeal of *Handy* enures to their benefit, and that, as it has been decided that the privilege claimed by the plaintiffs in the rule does not exist, it cannot be enforced against any one.

This case presents a question of practice, which we consider well settled in the case of *Jean François Girod* v. *His Creditors, ante* 546.

We held there that, parties considering themselves aggrieved by the judgment homologating a tableau of distribution must appeal, and make proper parties;

and that the decision of the court upon each claim was a separate judgment belonging to the party in whose favor it was rendered, and binding upon all parties who did not appeal from it. We recognized the right of the syndic to appeal on behalf of the mass. But in this case the syndic did not appeal. The contest was exclusively between the plaintiffs and *Handy*, upon their respective claims. The other creditors appeared to have acquiesced in the judgment of the district court, rather than incur the expense of further litigation.

Had the appellant been cast, the other creditors could not have been compelled to pay costs. They would have maintained successfully that the appeal had been taken by him alone, for his exclusive benefit. The result cannot affect the question of right; and they must be viewed in all cases as having remained strangers to the proceeding. *Judgment affirmed.*